UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MARIA ROSENTHAL

VS.

MASSACHUSETTS GENERAL HOSPITAL

## COMPLAINT

### PARTIES

1. The Plaintiff elderly pro se brought to MASSCHUSETTS GENERAL hospital by the ambulance from the street.

2. The Defendant Massachusetts General Hospital who admit her and usher into a room to await x-ray filming.

### JURISDICTION

3. This Court has jurisdiction over the decision of the Supreme Judicial Court for the Commonwealth of Massachusetts.

### FACTS

4. THERE ARE: At Boston February 6,2004 Supreme Judicial Court for the Commonwealth in the case No. SJC-09116 entered 09/29/03 "pending in the Supreme Judicial Court for the County of Suffolk No. SJ.-2002-0281"

"The single justice's order denying Rosenthal's motion to clarify the judgment after rescript is affirmed". (Exhibit A

Based on of one court "denyings" and the others "is affirmed" the plaintiff filed February 19,2004 Motion of Justice which have been left without attention and respect. (Exhibit "B").

As a matter of fact the single justice's denying motion to clarify the judgment after rescript was entered March 23,2004 only. (Exhibit "C") " the following entry of judgment be,-<u>and the same</u> hereby is made:

"The single justice order denying Rosenthal's motion to blarify the judgment after rescript is affirmed".

These statements raising questions if, the Rescript February 6, 2004 is from the Interlocutory Order of the trial court or from the Motion of the Clarification of the Judgment. And the elderly pro se who deemed by the court a child of Holocaust an ethnic minority without legal skills has the rights to asks to clarify judgment of the Supreme Judicial Court who support the threaten Interlocutory Oder of the trial court. Besides, these above exhibits speaking by itself about a lot and prove that the Commission to study Racial and Ethnic Bias in the Courts was transmitted to the Supreme Judicial Court in the Commission final report

> "that it is the perception of many lawyers, community members judges, and focus group that disparate treatment toward racial and ethnic minorities EXISTS within courts of the Commonwealth" as in this case.

1. On the beginning of the Supreme Judicial Court's Rescript February 6,2004 states "Appeal from order of single justice Interlocutory appeal" (Exhibit "D").

2. In mean time in the second paragraph of the Rescript states "Rosenthal has filed a memorandum and appendix _purportedly_ pursuant tostanding Supreme Judicial Court Rule 2:21, as amended. That rule is _inapplicable_, However,because the single justice's a _denial,_ OF Rosenthal's motion for clarification is not an "interlocutory ruling in the trial court".

3. In the second paragraph also was found another excuse as: "Nonetheless, based on Rosenthal's memorandum and appendix (which includes a copy of the motion for clarification that the single justice denied), it is _patently_ CLEAR HER APPEAL LACK

-3-

MERIT. The single justice's order denying Rosenthal's motion to clarify the judgment after rescript is, therefore, AFFIRMED." WHY the extreme outrageous action of the MASSACHUSETTS General HOSPITAL AGAINST A HUMAN BEING THE COURTS ARE SUPPORTING? Why the courts are ignoring the existing Massachusetts Patient's Bill of Rights, Massachusetts General Law Chapter 19A protecting elder abuse and Massachusetts Constitutional Rights.

Wherefore, the elderly victim praying that United States District Court District of Massachusetts will stop disparate treatment toward her and order at least mediation for the punitive demages, costs and interest for failing to treat the plaintiff, and by expeling her from its emergency room while she awaited treatment, and outrageous, beyond all possible bounds of human decency, and utterly intolerable in civilized society.

Dated: April 26, 2004

Respectfully submitted,
Maria Rosenthal
P.O. Box 1953
Brookline, MA 02446

*Maria Rosenthal*

# COMMONWEALTH OF MASSACHUSETTS

## SUPREME JUDICIAL COURT FOR THE COMMONWEALTH

AT BOSTON,   February 6, 2004

IN THE CASE NO. SJC-09116

MARIA ROSENTAHL

vs.

MASSACHUSETTS GENERAL HOSPITAL

pending in the ___Supreme Judicial___

Court for the County of __Suffolk__ No. __SJ-2002-0281__

ORDERED, that the following entry be made in the docket; viz., --

The single justice's order denying Rosenthal's motion to clarify the judgment after rescript is affirmed.

_____ Asst., CLERK.

February 6, 2004

RECEIVED

MAR - 8 200?

MAURA S. DOYLE
CLERK OF THE
SUPREME JUDICIAL COURT
FOR SUFFOLK COUNTY

Supreme Judicial Court for the
Commonwealth of Massachusetts

No. SJC-09116

Maria Rosenthal
  vs.
M.G.H

## Motion of Justice

Now comes elderly deemed pro se asks this Court to respond on Commonwealth of Massachusetts Supreme Judicial Court for the Commonwealth at Boston February 6, 2004 in the case No. SJC-09116 pending in the Supreme Judicial Court for the County of Suffolk No SJ-2002-0281 Ordered, that the following entry be made in the docket: vis., signed only and not named Assc clerk.

This paper raised the following questions:
1. How could case No. SJC-09116 pending? When:
   a) September 17, 2003 filed Motion to Allow Appeal,
   b) September 18, 2003 the Notice of Assembly of the Record on Appeal; Notice of Appeal;
   c) September 26, 2003 filed Notice of Appeal;
   d) On October 3, 2003 dated Notice of entry that this case was entered September 29, 2003
2. Who is Ordered that this case is pending?

3. What is ordered, "that the following entry be made in the docket, viz, "
   a) the deemed pro se received dated October 3, 2003 Notice of Entry
   b) the meaning - VIZ must be explained Legal meaning to deemed pro se by court,
4. What is the reason the above Letter dated February 6, 2004 marked after four (4) months without Judges decision?
5. Why the reason was not clarified?

Wherefore, the elderly deemed pro se asks this court read and respond on Appeal From Denial Motion to Clarify Judgment filed December 16, 2003 Memorandum and Appendix of the Appellant.

Dated February 19, 2004.

Respectfully Submitted,
Maria Rosenthal
P.O. Box 1953
Brookline MA, 02446



# The Commonwealth of Massachusetts
## SUPREME JUDICIAL COURT
### FOR SUFFOLK COUNTY
ONE BEACON STREET, 4TH FLOOR
BOSTON, MASSACHUSETTS 02108
WWW.SJCCOUNTYCLERK.COM

**MAURA S. DOYLE**
CLERK
CASE INFO (617) 557-1100
BAR INFO (617) 557-1050

ASSISTANT CLERKS
LILLIAN C. ANDRUSZKIEWICZ (617) 557-1184
GEORGE E. SLYVA (617) 557-1185
ERIC B. WETZEL (617) 557-1186
FAX (617) 557-1033

Maria Rosenthal
P.O. Box 1953
Brookline, MA 02446

March 23, 2004

RE:  No. SJ-2002-0281

    MARIA ROSENTHAL
       vs.
    MASSACHUSETTS GENERAL HOSPITAL

    Appeals Court
    No. 2002-J-0341

NOTICE OF DOCKET ENTRY

You are hereby notified that on March 23, 2004, the following was entered on the docket of the above referenced case:

JUDGMENT after Rescript from the SJC for the Commonwealth.

Maura S. Doyle, Clerk

To:  Maria Rosenthal
     Catherine A. Tocci, Esquire

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                           SUPREME JUDICIAL COURT
                                       FOR SUFFOLK COUNTY
                                       No. SJ-2002-0281

                                       Appeals Court
                                       No. 2002-J-0341

MARIA ROSENTHAL

vs.

MASSACHUSETTS GENERAL HOSPITAL

### JUDGMENT AFTER RESCRIPT

This matter came before the Court, and in accordance with the Rescript Opinion that was entered in the Full Court on February 6, 2004, it is ORDERED and ADJUDGED that the following entry of Judgment be, and the same hereby is, made:

> "The single justice order denying Rosenthal's motion to clarify the judgment after rescript is affirmed."

By the Court, (Cowin, J.)

Maura S. Doyle, Clerk

ENTERED: March 23, 2004

*VISITOR*
*4/02/04*
*Maria Rosenthal*
*Supreme Judicial Court*

SJC-09116

MARIA ROSENTHAL vs. MASSACHUSETTS GENERAL HOSPITAL.

February 6, 2004.

<u>Supreme Judicial Court</u>, Appeal from order of single justice. <u>Practice, Civil</u>, Interlocutory appeal.

    In <u>Rosenthal</u> v. <u>Massachusetts Gen. Hosp.</u>, 439 Mass. 1004 (2003), this court affirmed the judgment of a single justice denying a petition filed by Maria Rosenthal under G. L. c. 211, § 3. Rosenthal filed a petition for rehearing, which the court denied. Judgment entered in the county court after receipt of the rescript from this court. See Mass. R. A. P. 28, as amended, 378 Mass. 925 (1979). Rosenthal then filed a motion in the county court to clarify the judgment after rescript. A single justice denied the motion without a hearing. Rosenthal appeals from that denial.

    Rosenthal has filed a memorandum and appendix purportedly pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001). That rule is inapplicable, however, because the single justice's denial of Rosenthal's motion for clarification is not an "interlocutory ruling in the trial court." S.J.C. Rule 2:21 (1), 421 Mass. 1303 (1995). Nonetheless, based on Rosenthal's memorandum and appendix (which includes a copy of the motion for clarification that the single justice denied), it is patently clear that her appeal lacks merit.[1] The single justice's order denying Rosenthal's motion to clarify the judgment after rescript is, therefore, affirmed.

<u>So ordered</u>.

    The case was submitted on the papers filed, accompanied by a memorandum of law.
    <u>Maria Rosenthal</u>, pro se.

---

    [1] In her memorandum, Rosenthal complains in passing that a single justice of the Appeals Court erred in denying a motion she filed in that court to clarify an order denying a petition she had filed under G. L. c. 231, § 118. That claim is not properly before us.

