```
                UNITED STATES DISTRICT COURT
                  DISTRICT OF MASSACHUSETTS

MARIA ROSENTHAL,                  )
          Plaintiff,              )
                                  )
     v.                           )  C.A. No. 04-10858-MEL
                                  )
MASSACHUSETTS GENERAL HOSPITAL,   )
          Defendant.              )
```

## MEMORANDUM AND ORDER

For the reasons stated below, plaintiff's complaint will be dismissed in thirty-five (35) days from the date of this Order, unless plaintiff shows good cause, in writing, before that time as to why this case should not be dismissed.

### ALLEGED FACTS

On April 27, 2004, plaintiff Maria Rosenthal filed a _pro se_ "civil rights" complaint, along with an application to proceed without prepayment of fees.

The complaint is vague. Plaintiff's main contention appears to be that Supreme Judicial Court of Massachusetts improperly refused to review certain decision(s) of the Massachusetts Appeals Court in a state court action brought by the plaintiff against Massachusetts General Hospital.

### ANALYSIS

I.  **Plaintiff's Claims Are Subject To Preliminary Screening Pursuant To 28 U.S.C. § 1915**

Plaintiff has sought permission to proceed in this action

without prepayment of the filing fee. Her complaint, therefore, is subject to the screening provisions of 28 U.S.C. § 1915. See 28 U.S.C. § 1915 (proceedings in forma pauperis). Section 1915 authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if the action lacks an arguable basis either in law or in fact, Neitzke v. Williams, 490 U.S. 319, 325 (1989), fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2).

Although pro se complaints must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), plaintiff's claims in this case are nevertheless subject to dismissal, as discussed more fully below.

II. Plaintiff's Complaint Is Subject To Dismissal Because This Court Lacks Jurisdiction To Review State Court Decisions

To the extent that plaintiff's complaint is a request for review of any state court proceedings, this Court cannot entertain such claims. Lower federal courts lack subject matter jurisdiction to review claims which have already been litigated in state court proceedings and may not review the civil judgments of state courts. See Hill v. Town of Conway, 193 F.3d 33, 39 (1st Cir. 1999); District of Columbia Court of

Appeals v. Feldman, 460 U.S. 462, 482-486 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923).  Accordingly, to the extent that plaintiff seeks review of the decisions of the Massachusetts Appeals Court and/or the Supreme Judicial Court of Massachusetts, plaintiff's claims are subject to dismissal.[1]

## CONCLUSION

ACCORDINGLY, for the reasons set forth above, plaintiff's complaint will be dismissed in thirty-five (35) days from the date of this Order unless plaintiff shows good cause, in writing, before that time why it should not be so dismissed. SO ORDERED.

Dated at Boston, Massachusetts, this 3rd day of May, 2004.

           s/ Morris E. Lasker
           UNITED STATES DISTRICT JUDGE

---

[1] I also note that, to the extent that plaintiff intends to name the Massachusetts Appeals Court and/or the Supreme Judicial Court of Massachusetts as defendants in this action, any civil rights action under 28 U.S.C. § 1983 against these defendants would be barred by the application Eleventh Amendment immunity.  The Eleventh Amendment bars suits against a State, its departments and agencies unless the state has consented to suit.  Alabama v. Pugh, 438 U.S. 781, 781 (1978) (per curiam).  See Brown v. Newberger, 291 F.3d 89, 92 (1st Cir. 2002) (stating that there has been no unequivocal abrogation of the Commonwealth's Eleventh Amendment immunity).