UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MARIA ROSENTHAL,
    Plaintiff

V.

MASS. GENERAL HOSPITAL,
    Defendant

Civil Action No. 04-10858-MEL

PLAINTIFF'S MOTION OF GOOD CAUSE

Now comes the according to the to the Memorandum and Order dated May 3, 2004, shows good cause of disparate treatment toward ethnic minority speaking with an accent not only in the Massachusetts General Hospital but also with a huge support in the Courts of the Commonwealth as state the Commission's Final Report about Study Racial and Ethnic Bias in the Courts and transmitted to the Supreme Judicial Court.

1. The plaintiff through her attorney on contingency fees filed a Complaint and Jury Demand on three counts: Patient's Bill of Rights, Negligence and Intentional Infliction of Emotional Distress based on facts:

a) The plaintiff elderly citizen tripped and fell on the sidewalk, the ambulance brought her to Mass. Gen. Hospital.

b) The injured plaintiff have been admitted and ushered into a room await ex-ray filming.

c) While awaiting she saw that the hospital employees in the vicinity were not attending to her, but were socializing themselve she asked a nurse how much longer the wait would be.

d) The nurse answered very rude and brusque matter. Soon thereafter arrived security and ushered her a human being, especi-

ally an elderly citizen from the hospital without any explanation who suffer from tremendous pain from two(2) FRACTURES IN her left hand and one (1) fracture in her right elbow discovered on the next day after chase out from the hospital by different facility where she received proper treatment. Exh.A,B

2. The Defendant's refusal and failure to treat the diabitic elderly citizen is a violation of the Massachusetts Patient's Bill of Rights, but the Suffolk Court have not schedule a pretrial hearing neither a trial even after the Defendant filed Answer on the Complaint and similtaneously a Request for the Convening of a Medical Tribunal. Exhibit C.

3. The Defendant neglect his owed duty of care promptly to treat the injure elderly citizen brought by the ambulance.

4. The DefendANT, BY FAILING TO TREAT, AND BY EXPELING THE ELDERLY citizen from from the emergency room while she awaited ex-ray, engaged in conduct that is extreme and outrageous beyond all possible bounds of human decency and utterly intolerable in civilized society.

5. Then, the Defendanr took an advantage of acceptance a position by plaintiff's attorney with a firm in Buffalo, New York, change the status of case for discovery the expeling from the hospital without plaintiff's acknowledge. Exhibit D.

6. The referred by the prior attorney who have not zealously defend the plaintiff and when he finaly became agree to take a deposition of the nurse, as done by the defendant, he file on the same date a Motion to withdraw from the case and the Court not in present of the plaintiff not only allowed but also

threaten the elderly citizen in the issued Order. And, even after that all filed Motions by the deemed pro se have been DENIED. Exhibit E and F.

Despite of existing Massachusetts General Law chapter 19A protecting elders abuse. Massachusetts Patient's Bill of Rights, Mass, Gen. L.c,111, paragraph 70E(c),(k) which was violated by defendant and give the rights to bring the instant civil action pursuant to Mass. Gen. L., c.231, paragraph 60B-60E inclusive, that plaintiff did it.

From decisions as not allow hearing and denials or or of affirm come out that no one Court in Commonwealth not only look deep into filed Complaint, Petitions, Memorandum and Motions but also not accepted existing the above Massachusetts Laws.

WHEREFORE, this plaintiff elderly citizen is a believer in the thruth and law asks this United States District Court District of Massachusetts serious look into defendant's action conduct toward the plaintiff was so outrageous that no reasonable person could be expected to endure it, the disparate treatment toward ethnic minority, the defendant's negligence caused the plaintiff to suffer mental distress and anguish and aggravated her pain and medical condition and these actions allow to demand judgment in her favor, damages, costs and interest.

Dated: May 30, 2004

Respectfully submitted.

*Maria Rosenthal*
Maria Rosenthal
P.O. Box 1953
Brookline, MA 02446

-3-