UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MARIA ROSENTHAL.
        Plaintiff

No. 1:04-cv-10858-MEL

vs.

MASS. GEN. HOSPITAL,
        Defendant.

RESPONSE ON DEFENDANT'S MOTION
TO DISMISS WITH PREJUDICE

Now comes the elderly plaintiff without any legal skills a child of the HHolocaust and English is not her native language and the threatened Order dated May 21,2002 by Suffolk Superior Court deemed her pro se on the date of 76 year birtday.

The deemed pro se respectfully asks, after analysing the Defendan assertion of thirteen (13) supports and attached only three(3) evidence as Exhibits A,B,C of the filed July 30,2004 in this Court Motion to Dismiss with Prejudice based on received Plaintiff's Motion of Good Cause July28,2004 which is included in the Defendant's assertion of support under No.3, profoundly to study the Plaintiff's Response and evidences attached and already in this case.

What is the Defendant's support for "respectfully moves to dismiss, with prejudice, plaintiff's action" :

There are thirteen (13) SUPPORTS DIVIDED IN TWO parts.

The second part INCLUDES six(6) SUPPORTS starting from No.7 thru No.12 shown the need of the deemed pro se to file Petitions, Memorandum, Appeal and Complaint to the Courts of the Commonwealth about prejudice threatened the Order of May 21,2002 additional asserted in support in No.5 and 6.

The denials and affirms only corroborates that Ethnic bias exist in the Courts of the Commonwealth according to the Commission's final report transmitted to the Supreme Judicial Court.

The Defendant from opposite side attached exhibits to show the support by denials and affirms below:

1. Exhibit A - the Civil Docket Suffolk Superior Court SUCV2001--02165

2. Eexhibit B -Case Docket Appeals Court Single Justice 2002-J--341

3. Exhibit C - Case Docket Supreme Judicial Court for Suffolk County SJ2002-281.

THESE FANCY Dockets was never seen by deemed pro se. To show the solidarity have been added only in exhibit C paper #18 Notice of Docket Entry and Judgment After Rescript Opinion dated March 23,2004. But for the deemed pro se there is not any evidence for law actions in favor of the defendant even for Maasachusetts General Hospital.

<u>The first part</u> from the there thirteen(13) asserted supports include seven(7) started from No. 1 through No.6 and No.13.

A. No.1 through No. 13 are defendant's report only as the six(6) from the second part above two or in total are nine(9) OR 69,2% only up to this moment. Besides, some contradict each others as in:

   a) No. 2 "was never served with a Complaint"
      No.5 "the action which gave rice to this Complaint"

B. No.4 not only contradict No.5 and No.13 but also raising questions..

   b) No.4 "The incident alleged in the Complaint"
      No.5 "Complaint was also filed by plaintiff's then counsel on May 11,2001 in Suffolk Superior Court"

   c) No.4 "incident occured on May26,1998, over six years ago"
      Que1 Does it the baseses of the support of respectfully

moves to dismiss, with prejudice, plaintiff's action?

d) No.4   "over six years. Thus, the cause of action is barred"
   QUE 2  Should the defendant's action, of expelling her from the hospital without treatment an injured elderly woman brought by ambulance, be BARRED?
   No.13  "Suffolk Superior Court schedule a Hearing on August 23, 2004"
   Que3   Does it means that the defendant's cause legally not barred?
   Que4   Why the defendant assert that the cause is barred?

e) No.4   "the cause of action is barred by reason of the statute of limitation"
   Que5   Why does the defendant assert that the cause is barred?
   Que6   By whom the cause the cause is barred?
   Que7   What is the statute of limitation ?

C. No.5 was contradicted above a few times also.

f) No.5   "As of May 21,2002, plaintiff has not been represented by counsel"
   Que8   On which event should the plaintiff be represented on the above calendar event?
   Que9   Are the defendant's counsel on the above calendar event there?

D. The Suffolk Superior Court Order May 21,2002 speaks about itself is attached.

g) No.6   "or risk sanctions,including dismissal of her action, and, to date, she has not done so"
   Order   "Failure to comply with those discovery obligation may result in sanctions, UP TO and including dismissal of her action"

E. No.13 the last assertion of the support for respectfully move fordismiss with prejudice plaintiff's action, not the defendant's action against guman of our society.

h) No,13  "Defendant's Motion to Dismiss the Suffolk Superior Court action is currently"
   Que10  When was the Defendant's Motion To Dismiss filed?
   Que11  What is the Paper No. in the Civil DocketSuffolk Superior Court SUCV2001-02165?
   QUE!@  Who does done the 42 Papers minus 9 papers or 78,6% OF the total thirty-three papers only in your exhibitA?
   Que13  Who done the papers in defendant's attached exhibits B and C ?

The plaintiff has done all these papers by force of the threatened Order May 21,2002 which is not"over six years" AND deemed pro se citizen believ legally should not and hope would no "barred" because the Defendant, Massachusets General Hospital has not fulfilled the REPONSIBILITIES toward PATIENT RIGHTS in our country.

For the above reasons, the plaintiff respectfully requests that defendant's action would be punished finally not only for the elderly plaintiff who is protected by Mass. Gen. Law Chapter 19A but alsofor others patients of our society as well.

Respectfully submitted,

*Maria Rosenthal*

Dated: August 3, 2004

Maria Rosenthal
P.O. Box 1953
Brookline, MA 02446

## CERTIFICATE OF SERVICE

I, Maria Rosenthal, deemed pro se by Court order, hereby certify that I HAVE THIS 4th day of August, 2004 served the within:

RESPONSE ON DEFENDANT"S MOTION TO DISMISS WITH PREJUDICE

upon the attorney for the defendant, by mailing copies of same, postage paid, as follows:

Catherine A. Tocci
Hamrock, Tocci & Cass
101 Main Street
18th Floor
Cambridge, MA 02142

*Maria Rosenthal*

Maria Rosenthal
Plaintiff

-4-

*Appendix*

*pages 11*

# PATIENT RIGHTS AND RESPONSIBILITIES:

It is the goal of Massachusetts General Hospital to give you the care that is right for your illness and to help you to get well as soon as possible. We are committed to maintaining the rights, dignity and well-being of all patients.

*The following is a summary of your rights. After that there is a list of steps that you must do (your responsibilities) to help us give you the best care while you are in the hospital.*

Thank you for taking the time to read this Patient Bill of Rights. If you have any questions about these Rights and Responsibilities, or would like a complete set of the law called the Massachusetts Patient Bill of Rights, please call the Office of Patient Advocacy at (617) 726-3370.

## THESE ARE YOUR RIGHTS:

- You have the right to be treated in a caring and polite way.

- You have a right to know all the **facts** we have about your illness, treatments and possible outcomes. Your doctor or other health care giver will give these facts to you.

- You have the right to know the **names of the people** who are taking care of you and how they will help you or provide care for you. This is also true if you are being taken care of by students, resident doctors, or other people in training.

- You have the **right to say yes** to treatment. You also have the **right to say no** or refuse treatment.

- You have the **right to agree to an advance directive**, such as a **health care proxy**, which tells the hospital and doctor how you want to be treated and who you want to make decisions for you if you cannot speak for yourself at the time.

- You have the **right to be examined in private** by your doctor or other health care giver, and you have the **right to talk to your doctor in private**.

- You have the **right to look at your medical records** and get a copy for a reasonable fee.

- You have the **right to take part in a research study** if you are asked. You also have the **right to say no** if you do not want to take part.

- You have the **right to expect evaluation and treatment of pain**.

- You have the **right to expect that we will try to get back to you as quickly as possible** when you ask us to do something.

- You have the **right to receive written notice of how your health information will be used** and shared in order for you to receive the highest quality of care. This is called our **Privacy Notice** and it contains patient rights and our legal duties regarding your health information. You may request a copy of this Privacy Notice from any staff member

- You, your family, or your guardian have the **right to tell us when something is seriously wrong**. This is called **presenting a complaint**. If you present a complaint, your care will not be affected in any way. Also, if you have a problem that you cannot solve with your doctor, nurse or other caregiver, please call the Office of Patient Advocacy at (617) 726-3370.

## THESE ARE YOUR RESPONSIBILITIES:

- Be honest with us and tell us all you **know about your present illness**, including other times you have been in the hospital, your health history, your current symptoms and anything else you know about your health that would help us treat you.

- **Tell us the medicines you are taking**, including the strength and how often you take them. Include over the counter medications, dietary supplements and herbal products you take and/or alternative medicines or treatments that you receive. **Talk about any allergies or reactions you have had to any medications.**

- **Follow the treatment plan** recommended by the practitioner primarily responsible for your care. Ask your doctor or nurse when and how you will get the results of tests and procedures.

- **Tell us if you do not understand what our staff is saying to you** or if you do not understand what they are telling you to do; also please tell us if you think you will not be able to do what is asked of you during your care.

/

# COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.

SUPERIOR COURT
CIVIL ACTION
NO. 01-2165-F

**MARIA ROSENTHAL,**
Plaintiff

vs.

**MASSACHUSETTS GENERAL HOSPITAL,**
Defendant

## ORDER

After hearing, this Court **ORDERS** as follows with respect to Attorney Robert Christian's Motion to Withdraw as Plaintiff's Counsel:

1. Attorney Robert Christian's Motion to Withdraw as Plaintiff's Counsel is **ALLOWED**, except that Attorney Christian must remain as plaintiff's counsel until June 21, 2002 or the date that new plaintiff's counsel files an appearance, whichever happens first.

2. If new plaintiff's counsel has not filed an appearance by June 21, 2002, the plaintiff shall be deemed to represent herself in this action *pro se* from that date until new counsel files an appearance. Regardless of whether or not she is represented by counsel, the plaintiff is obligated to fulfil all her discovery obligations, including testifying at deposition in accordance with a notice of deposition. Failure to comply with those discovery obligations may result in sanctions, up to and including dismissal of her action.

3. All discovery in this action is stayed until June 21, 2002, to permit the plaintiff an opportunity to obtain new counsel. Discovery may re-commence after that date without further order of this Court.

4. The Tracking Order is hereby amended to extend the discovery deadline in this case to November 10, 2002, and all other Tracking Order deadlines shall be adjusted accordingly.

*Ralph D. Gants*
Ralph D. Gants
Justice of the Superior Court

DATED: May 21, 2002

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                SUPERIOR COURT
                                            DEPARTMENT OF THE TRIAL COURT
                                            CIVIL ACTION NO.

|  |  |
|---|---|
| MARIA ROSENTHAL,<br>        Plaintiff,<br><br>v.<br><br>MASSACHUSETTS GENERAL<br>HOSPITAL,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

5/14/01

## COMPLAINT AND JURY DEMAND

1. Maria Rosenthal is an individual of majority age who resides in Brookline, County of Norfolk, Commonwealth of Massachusetts.

2. The defendant Massachusetts General Hospital ("MGH") is a hospital facility located in Boston, County of Suffolk, Commonwealth of Massachusetts.

## FACTS

3. On or about May 26, 1998, plaintiff tripped and fell on a sidewalk near Boston City Hall. The plaintiff was injured by the fall and was transported to MGH by ambulance.

4. It was later discovered that, as a result of her fall, the plaintiff suffered from two fractures in her left hand and one fracture in her right elbow.

5. The plaintiff was admitted to MGH after her arrival by ambulance, and was ushered into a room to await x-ray filming. While waiting in that room, the plaintiff saw that the hospital employees in the vicinity were not attending to patients, but were

socializing amongst themselves. The plaintiff approached a nurse who was in the area and asked her how much longer the wait would be.

6. The nurse answered the plaintiff in a very rude and brusque matter. Soon thereafter, security arrived and asked the plaintiff to leave the hospital. No reason was given for this removal.

7. At the time of her removal from MGH, the plaintiff, an elderly woman, was suffering from tremendous pain caused by broken bones, and was never examined by a physician or had x-rays taken.

8. Ms. Rosenthal went to a different facility the next day, where she was given proper treatment, including x-rays.

### COUNT I – PATIENT'S BILL OF RIGHTS

9. Paragraphs 1-8 of this Complaint are hereby realleged and incorporated herein by reference.

10. MGH's refusal and failure to treat the plaintiff is a violation of the Massachusetts Patient's Bill of Rights, Mass.Gen.L. c.111, §70E (c), (k).

11. Pursuant to Mass.Gen.L. c.111, §70E, the plaintiff is entitled to bring the instant civil action pursuant to Mass.Gen.L. c.231, §§ 60B-60E, inclusive.

WHEREFORE, the plaintiff demands judgment in her favor, damages, costs and interest.

### COUNT II – NEGLIGENCE

12. Paragraphs 1-12 of this Complaint are hereby realleged and incorporated herein by reference.

13. MGH owed a duty of care to the plaintiff promptly to treat her injuries and provide her with the necessary and requested emergency medical care.

14. MGH breached its duty of care through its failure, or the failure of its employees, agents, etc., properly and promptly to diagnose and treat the plaintiff's injuries and otherwise provide her with requested and necessary emergency medical care.

15. MGH's negligence proximately caused the plaintiff to suffer mental distress and anguish and aggravated her pain and medical condition.

WHEREFORE, the plaintiff demands judgment in her favor, damages, costs and interest.

## COUNT III – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

16. Paragraphs 1-15 of this Complaint are hereby realleged and incorporated herein by reference.

17. MGH, by failing to treat the plaintiff, and by expelling her from its emergency room while she awaited treatment, engaged in conduct that is extreme and outrageous, beyond all possible bounds of human decency, and utterly intolerable in civilized society.

18. MGH's conduct towards the plaintiff was so outrageous that no reasonable person could be expected to endure it.

WHEREFORE, the plaintiff demands judgment in her favor, damages, costs and interest.

### THE PLAINTIFF DEMANDS A TRIAL BY JURY IN THE SUPERIOR COURT AS TO ALL COUNTS SO TRIABLE

Respectfully submitted,

Attorney for the Plaintiff,
MARIA ROSENTHAL

Alan J. Bedenko, Esq. (BBO# 566770)
Law Office of Alan J. Bedenko
44 School Street, Suite 300

MAS-20030912  Case 1:04-cv-10858-MEL   Document 9   Filed 08/04/2004   Page 12 of 16   04/27/2004
conleyma                                Commonwealth of Massachusetts                    02:03 PM
                                          SUFFOLK SUPERIOR COURT
                                               Case Summary
                                                Civil Docket

## SUCV2001-02165
### Rosenthal v Mass General Hospital

| | | | | | |
|---|---|---|---|---|---|
| **File Date** | 05/14/2001 | **Status** | Active (actv) | | |
| **Status Date** | 06/18/2002 | **Session** | F - Civil F | | |
| **Origin** | 1 | **Case Type** | B04 - Other negligence/pers injury/pro | | |
| **Lead Case** | | **Track** | F | | |

| | | | | | |
|---|---|---|---|---|---|
| **Service** | 08/12/2001 | **Answer** | 10/11/2001 | **Rule12/19/20** | 10/11/2001 |
| **Rule 15** | 10/11/2001 | **Discovery** | 03/10/2002 | **Rule 56** | 04/09/2002 |
| **Final PTC** | 05/09/2002 | **Disposition** | 07/08/2002 | **Jury Trial** | Yes |

**Plaintiff**
Maria Rosenthal
P.O. Box 1953
Brookline, MA 02446
Active 05/14/2001 Notify

**Private Counsel 566770**
Alan J Bedenko
60 Lakefront Boulevard
Quackenbush Law Offices Ste 102
Buffalo, NY 14202
Phone: 716-855-5710
Fax: 716-855-5722
Withdrawn 09/19/2001

**Private Counsel 640585**
Robert B Christian
Fox & Christian
100 George P Hassett Drive
Medford, MA 02155
Phone: 781-395-6583
Fax: 781-395-3500
Withdrawn 05/23/2002

**Defendant**
Mass General Hospital
Served: 06/08/2001
Answered: 07/16/2001
Answered 07/16/2001

**Private Counsel 550272**
Catherine A Tocci
Hamrock Tocci & Cass
101 Main Street
18th floor
Cambridge, MA 02142
Phone: 617-496-5370
Fax: 617-496-1707
Active 07/17/2001 Notify

| Date | Paper | Text |
|---|---|---|
| 05/14/2001 | 1.0 | Complaint & Jury demand |
| 05/14/2001 | | Origin 1, Type B04, Track F. |
| 05/14/2001 | 2.0 | Civil action cover sheet filed |
| 06/08/2001 | 3.0 | SERVICE RETURNED: Mass General Hospital(Defendant) in hand on 5-31-01 |
| 07/16/2001 | 4.0 | ANSWER: Mass General Hospital(Defendant) (jury reqstd) |
| 07/16/2001 | 5.0 | Request for medical malpractice tribunal filed by Mass General Hospital |
| 07/27/2001 | | Motion (P#5) denied (Geraldine S. Hines, Justice) Notices mailed July 26, 2001 (dated 7/24/01) |

**Commonwealth of Massachusetts**
**SUFFOLK SUPERIOR COURT**
Case Summary
Civil Docket

## SUCV2001-02165
## Rosenthal v Mass General Hospital

| Date | Paper | Text |
|---|---|---|
| /25/2001 | | Case status changed to 'Needs review for answers' at service deadline review |
| /14/2001 | | Case status changed to 'Needs discovery' at answer deadline review |
| /23/2002 | 25.0 R | Court received Appellant's response to opposition of deft to plff's motion for mediation |
| /28/2002 | 6.0 | Motion of plff to extend the tracking order deadlines as follows: deadline for discovery requests and depositions to Sept 10, 2002; deadline for mtoions under Rule 56 to Oct 10, 2002; pretrial conference at the court's convenience (w/o opposition) |
| 2/05/2002 | | Motion (P#6) Tracking order is extended by 90 days (Muse,J) Notice sent 1/31/02 (entered 1/31/02) |
| 5/20/2002 | 7.0 | Motion of Robert B Christian to withdraw as counsel for plff (w/o opposition) |
| 5/23/2002 | 8.0 | Motion for withdrawal of plaintiff's counsel w/o opposition & Allowed (Gants,J) (Dated 5/21/02) see Order dated 5/21/02 |
| 5/23/2002 | 9.0 | ORDER- After hearing, this court orders as follows with respect to Attorney Robert Christian's Motion to withdraw as Plaintiff's Counsel: 1. Attorney Robert Christian's Motion to Withdraw as Plaintiff's Counsel is allowed, except that attorney Christian must remain as plaintiff's counsel until June 21, 2002 or the date that new plaintiff's counsel files an appearance, whichever happens first. 2. If new plaintiff's counsel has not filed an appearance by June 21, 2002, the plaintiff shall be deemed to represent herself in this action pro se from that date until new counsel files an appearance. Regardless of whether or not she is represented by counsel, the plaintiff is obligated to fulfil all her discovery obligations, icnluding testifying at deposition in accordance with a notice of deposition. Failure to comply with those discovery obligations may result in sanctions, up to and including dismissal of her action. 3. All discovery in this action is stayed until June 21, 2002 to permit the plaintiff an opportunity to obtain new counsel. Discovery may re-commence after that date without further order of this court. The tracking Order is hereby amended to extend the discovery deadline in this case to November 10, 2002 and all other tracking order deadlines shall be adjusted accordingly. (Gants,J) (Dated 5/21/02) notice sent 5/22/02 |
| 05/29/2002 | | MOTION (P#7) See order dated May 21, 2002 ( (Ralph D. Gants, Justice) (Dated 5/23/02) Notices mailed May 23, 2002 |
| 06/18/2002 | 10.0 | Plaintiff Maria Rosenthal's notice of appeal |
| 06/19/2002 | 11.0 | Ex-Parte motion to continue to stay (w/o opposition) |
| 06/20/2002 | | Notice to Justice Ralph D. Gants of the filing of a notice of appeal. |
| 06/20/2002 | | Notice of service of filing of notice of appeal to: Catherine A. Tocci, Esq, of Messrs. Hanrock, Tocci & Cass. |
| 06/21/2002 | 12.0 | COPY of notice of docket entry received from Appeals Court: RE: P #2 Upon careful consideration of the submitted material, the within is denied (Doerfer, J.) |

Case 1:04-cv-10858-MEL   Document 9   Filed 08/04/2004   Page 14 of 16   04/27/2004
02:03 PM

Commonwealth of Massachusetts
SUFFOLK SUPERIOR COURT
Case Summary
Civil Docket

## SUCV2001-02165
### Rosenthal v Mass General Hospital

| Date | Paper | Text |
|---|---|---|
| 09/09/2002 | | Motion (P#11) ALLOWED stayed extended to November 29, 2002 (Patrick J King) Notices mailed September 05, 2002 (entered 9/4/02) |
| 11/27/2002 | 13.0 | Emergency motion to continue to stay (w/o opposition) |
| 11/29/2002 | 14.0 | Affidavit of indigency and Request for Waiver, substitution or state payment of fees & costs Filed and approved for service only (IMPOUNDED) |
| 11/29/2002 | | Notice ordered issued re: motion to stay returnable Tuesday December 3, 2002 in room 2 at 2:30PM (Botsford J) Summons and order of notice issued See P#13 |
| 12/03/2002 | 16.0 | SERVICE RETURNED (order of notice): Mass General Hospital (in hand 12/2/02) |
| 12/04/2002 | 15.0 | Opposition tof deft Mass General Hospital to plff's emergency motion to stay |
| 12/06/2002 | 17.0 | Response of plff to deft's opposition to motion to continue stay |
| 12/12/2002 | | Motion (P#13) Denied (King,,J) (entered 12/11/02) |
| 12/13/2002 | 18.0 | Motion of plff to reconsider Order (w/o opposition) |
| 12/13/2002 | 19.0 | Motion of plff to allow deemed pro se (w/o opposition) |
| 12/19/2002 | 20.0 | Opposition of deft Mass General Hospital to plff's motion to allow assist deemed Pro Se |
| 12/19/2002 | 21.0 | Opposition of deft Mass General Hospital to plff's motion for reconsideration |
| 12/19/2002 | | Motion (P#18) DENIED (Patrick J King, Justice) Notices mailed December 20, 2002 |
| 12/19/2002 | | MOTION (P#19) The Court takes no action of this motion because plaintiff does not need a court order to seek legal assistance (Patrick J King, Justice). Notices mailed December 20, 2002 |
| 12/23/2002 | 22.0 | Moiton of plff to consider failure of dft to oppose withdrawal of plff's counsel (w/o opposition) |
| 01/15/2003 | 23.0 | Motion of plff for mediation (w/o opposition) |
| 01/21/2003 | 24.0 | Opposition of deft to plff's motion for mediation (w/o opposition) |
| 02/05/2003 | | Motion (P#23) DENIED (Christopher J Muse, Jusstice) Notices mailed February 03, 2003 (entered 1/31/03) |
| 02/11/2003 | 26.0 | Motion of plff for reconsider denial for mediation (w/o opposition) |
| 02/19/2003 | 27.0 | Opposition of deft Mass General Hospital to plff's motion for reconsideration of the denial of plff's motion for mediation |
| 02/21/2003 | | Motion (P#26) DENIED. Plff has not established good cause for reconsideration. (Christopher J Muse, Jusstice) Notices mailed February 20, 2003 (entered 2/19/03) |
| 03/04/2003 | 28.0 | Motion of plff for good cause for reconsideration of denial of mediation (w/o opposition) |
| 03/12/2003 | 29.0 | Opposition of deft Mass General Hospital to plff's motion of good casue for reconsideration of the denial of plff's motion for mediation |
| 03/28/2003 | | Motion (P#28) DENIED (Christopher J Muse, Jusstice) Notices mailed March 27, 2003 (entered 3/12/03) |
| 05/01/2003 | 30.0 | Motion of plff to appoint attorney (w/o opposition) |

Commonwealth of Massachusetts
SUFFOLK SUPERIOR COURT
Case Summary
Civil Docket

04/27/2004
02:03 PM

## SUCV2001-02165
## Rosenthal v Mass General Hospital

| Date | Paper | Text |
|---|---|---|
| 05/07/2003 | | Motion (P#30) DENIED (Maria I Lopez, Justice) Notices mailed May 06, 2003 (entered 5/5/03) |
| 05/09/2003 | 31.0 D | Motion of plff for reconsideration of denial of motion to appoint attorney (w/o opposition) |
| 05/20/2003 | | Motion (P#31) DENIED (Carol Ball, Justice) (entered 5/15/03) |
| 06/03/2003 | 32.0 D | Second motion of plff for appointment of attorney to elderly deemed pro se (w/o opposition) |
| 06/10/2003 | | Motion (P#32) DENIED (Kenneth J Fishman, Justice) (Dated 6/6/03) Notices mailed June 09, 2003 |
| 06/11/2003 | 33.0 D | Ex parte motion to order disclosure to ANCC Magnet Appraisers the abuse of elderly plff (w/o opposition) After hearing motion a DENIED (Fishman,J) Notice sent 6/10/03 (entered 6/9/03) |
| 06/11/2003 | 34.0 D | Ex parte motion of plff to reconsider denial of motion to Order disclosure to ANCC Appraisers the abuse of elderly plff (w/o opposition) |
| 06/20/2003 | | Motion (P#34) Denied (Fishman,J) Notice Sent 6/18/03 (entered 6/16/03) |
| 06/27/2003 | 35.0 D | Motion of plff to allow elderly (see complete motion) (w/o opposition) |
| 08/21/2003 | 36.0 ? | Motion of plff for an appearance change (w/o opposition) |
| 10/20/2003 | 37.0 ? | Plff's opposition to included motion to dismiss by deft |
| 12/15/2003 | | Notice of Annual Civil Litigation Fee mailed to plaintiff's attorney Alan J Bedenko on December 15, 2003 |
| 02/12/2004 | | MOTION (P#35) After hearing, this motion which I interpret as a motion for the appointment of counsel is DENIED. As I explained to plaintiff at the hearing, I have no authority to appoint counsel on this matter. (Geraldine S. Hines, Justice) Notices mailed February 09, 2004 |
| 02/17/2004 | 38.0 | Motion on Unreadable February 3, 2004 Note on Motion to Allow Elderly Plaintiff (w/opposition) |
| 04/21/2004 | | Notice of late fee due; Annual Civil Litigation Assessment Fee and late fee in amount of $10.00 mailed to plaintiff's Alan J Bedenko on April 21, 2004 |

| Date | Session | Event | Result |
|---|---|---|---|
| 05/21/2002 | Civil F | Motion/Hearing: Withdraw as Atty | Event held as scheduled |
| 09/04/2002 | Civil F | Motion/Hearing: miscellaneous | Event held as scheduled |
| 08/13/2003 | Civil F | Motion to Stay. See Paper #11. Motion/Hearing: miscellaneous | Event not reached by Court |
| 10/02/2003 | Civil F | see paper#35 Motion/Hearing: miscellaneous | Event not held-req of Plaintiff |
| 10/20/2003 | Civil F | paper #35 Motion/Hearing: miscellaneous | Event not reached by Court |
| 12/17/2003 | Civil F | paper #35. Motion/Hearing: miscellaneous | Event not reached by Court |
| 01/30/2004 | Civil F | See docket paper #35. Status: Review Annual Fee no fee paid | Event held as scheduled |

Commonwealth of Massachusetts
SUFFOLK SUPERIOR COURT
Case Summary
Civil Docket

04/27/2004
02:03 PM

## SUCV2001-02165
## Rosenthal v Mass General Hospital

| Date | Session | Event | Result |
|---|---|---|---|
| 02/03/2004 | Civil F | Motion/Hearing: miscellaneous see docket paper #35 | Event held as scheduled |
| 05/27/2004 | Civil F | Status: Review Annual Fee | |